Depoy et. al. v. The Trustees of the Gill Odd Fellows' Home of Vermont, No. 155-3-11 Wrcv (Teachout, J., Nov. 26, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 155-3-11 Wrcv** |

**TRICIA DEPOY and
NANCY GRATTAN,**

      **Plaintiffs,**

**v.**

**THE TRUSTEES OF THE GILL ODD
FELLOWS' HOME OF VERMONT,**

      **Defendant.**

### DECISION
### Defendant's Motion in Limine (Administrative Decision)
(Motion #16)

This matter is before the court on The Trustees of the Gill Odd Fellows' Home of Vermont's ("Defendant's") Motion in Limine to Preclude Plaintiffs from Offering into Evidence The Administrative Decision *In re: Leslie Whittington*, filed September 9, 2013.

On January 6, 2011, Administrative Law Officer George K. Belcher issued "Findings of Fact, Conclusions of Law, and Order Concerning Charges of Unprofessional Conduct" (the "Decision") in the matter of *In re: Leslie Anne Whittington*. The Decision upheld some of the charges of unprofessional conduct against Leslie Whittington, Defendant's former administrator, but dismissed others. Through a motion in limine, filed September 9, 2013, Defendant sought to exclude the Decision, claiming that it constitutes hearsay, is irrelevant, and would be unfairly prejudicial if admitted.

Tricia Depoy and Nancy Grattan (collectively, "Plaintiffs") opposed this motion on September 24, 2013, asserting that Vermont law does not categorically ban other cases' judicial findings from being admitted into evidence and that, here, the Decision should be admitted because it qualifies for the public records exception to the hearsay rule. Defendant replied on October 1, 2013, countering that the Decision should not be admitted under any hearsay objection based on the statutory language and the weight of the relevant case law.

On October 28, 2013, Defendant filed a supplemental memorandum in support of its motion in limine, arguing that a recent Supreme Court opinion regarding the Decision should also be inadmissible because, much like the Decision, it constitutes hearsay.

ANALYSIS

V.R.E. 803(8) establishes that "records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law" are excluded from the hearsay rule and, therefore, admissible. V.R.E. 803(8). Plaintiffs argue that the Decision qualifies for this hearsay exception.[1] Defendant counters that the Decision is inadmissible hearsay.

Defendant has the better argument. "Judicial findings in other cases proffered as evidence are generally characterized as… hearsay." *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001); *see* 2 McCormick on Evid. § 298 (7th Ed.) (noting that historically courts have been "unwilling to admit judgments in previous cases if neither res judicata nor collateral estoppel applied under the theory they were hearsay."). One of the reasons for this general rule relates "to the danger of undue prejudice" that would result if judicial findings from other proceedings were admitted. 2 McCormick on Evid. § 298. This specific concern arises because "juries may have difficulty grasping the distinction between a prior judgment offered as evidence and one that is conclusive, giving the judgment binding effect even if this is contrary to substantive law." *Id.* The fact that the public records hearsay exception "may be sufficient to overcome the first level of hearsay involved in a written government document" does not mean that it overcomes the dangers inherent in admitting previous judicial decisions. *Needham v. Coordinated Apparel Group, Inc.*, 174 Vt. 263, 274 (Vt. 2002).

Here, the danger of undue prejudice if the Decision is admitted is particularly high. The Decision represents the findings and conclusions of an administrative law officer involving different parties, addressing different facts, and applying different standards than are relevant to this case. These differences limit the Decision's connection to the facts here and increase the possibility that determinations in the Decision are inapplicable. Accordingly, the Decision is inadmissible.

For the same reasons, the recent Supreme Court opinion addressing the Decision, *Whittington v. Office of Professional Regulation*, No. 2012-058, is also inadmissible. The same concerns apply to the Supreme Court's opinion. In fact, because this opinion was issued by the Supreme Court, a higher authority, it increases the risk that jurors would find it determinative on the issues here. Because of this risk of confusing the jury, the Supreme Court's opinion regarding the Decision must be excluded.

---

[1] Plaintiffs concede, however, that any portion of the Decision that "directly quotes witness testimony" is inadmissible. Pls.' Resp. in Opp., filed Sept. 24, 2013, at p.2, n.2.

<u>ORDER</u>

Defendant's Motion in Limine is hereby *granted*. However, because Defendant agreed to "stipulate to the existence and date of the Decision and the sanctions it imposes against Ms. Whittington, to the extent those facts might become relevant," Def.'s Mot. in Limine, filed Sept. 9, 2013, at p. 2, those facts will be admissible.

Dated at Woodstock, Vermont, this ___ day of November, 2013.

_____
Honorable Mary Miles Teachout
Superior Court Judge

3